JERSEY REALTY COMPANY, RELATOR, v. GEORGE VAN BUSKIRK, COLLECTOR, AND ANOTHER.

*Submitted December 3, 1914—Decided June 7, 1915.*

1. The title of chapter 368 of the laws of 1912 sufficiently expresses the object of the act.
2. Chapter 368 of the laws of 1912 is a constitutional act.

---

On rule for a *mandamus.*

Before Justices SWAYZE, PARKER and KALISCH.

For the relator, *Allan C. Rowe.*

For Van Buskirk, *Adolf L. Engelke.*

For Ida Baldauf, *Harry B. Brockhurst.*

The opinion of the court was delivered by

SWAYZE, J. The relator seeks to compel the township collector to accept the amount of purchase-money on a sale of land for taxes, with interest and certain fees, and to cancel

the sale, and restore the property to the owner. No question is raised that the amount tendered did not comply with chapter 368 of the laws of 1912. The tax sale was had in 1913. The purchaser now opposes the issue of a *mandamus* upon two grounds—*first,* that the act of 1912 does not actually amend section 1 of chapter 342 of the laws of 1909; *second,* that the act of 1912 is unconstitutional (*a*) because the object is not expressed in its title; (*b*) because it is special legislation; (*c*) because it deprives the purchaser at the tax sale of the equal protection of the laws secured by the amendment to the federal constitution.

*First.* The contention under the first point is that the body of the act of 1912 purports to amend section 57 of the act of 1909, which is composed of three sections only, and the argument is that the language must therefore be ineffective. This contention overlooks the fact that section 1 of the act of 1909 is an amendment of the Tax act of 1903. What the act of 1912 does is to set forth in words at length the first section of the act of 1909, as it will read with the amendment. What the act of 1912 may be said to omit is a prefatory statement that "section 1 of the act of 1909 is amended to read as follows." Such a prefatory statement is, we believe, usual, but we do not think it essential when the language in which the legislature means the act to stand is fully set forth, as it is in this case. Unless we adopt this view, amendatory statutes would become an awkward mass of words which add nothing to the sense.

*Second.* The objection that the object of the act is not expressed in the title rests upon the same fallacy, that the title indicates that the object is to amend the act of 1909, while the act by its body amends, if it does anything at all, section 57 of the Tax act of 1903. As we have already said, the act of 1912 amends section 1 of the act of 1909 by setting it out at length, including the amendment, but without the ordinary prefatory statement.

*Third.* The objection that the act of 1912 is special rests upon the fact that it provides that no fees and expenses incurred, in ascertaining the owner, mortgagee, occupant or

other person having an interest in or lien on the lands sold for taxes, shall be collectible unless a municipality is the purchaser. We think that there is a natural distinction between the case of lands purchased by a municipality and lands purchased by an individual at a tax sale which justifies the legislature in making a distinction between the cases. The object of the legislation, or, at least, one object, was to correct an evil that had grown up of subjecting owners of land sold for taxes, to heavy, sometimes unconscionable, costs, in order to redeem. A municipality is a public agency and may be supposed, or, if necessary, compelled, by the legislature, to deal fairly with its taxpayers; an individual purchaser is under no such control, and as to him, there is no such favorable presumption. A municipality buys in the land at the tax sale only for the purpose of securing payment of taxes due to it, and is entitled to be reimbursed for expenses to which it may be put in the effort to perfect its title. An individual buys the land, or may properly and reasonably be presumed to buy, in order to make a profit for himself; it is not unfair that he should take the risk of losing his expenses if the property should be promptly redeemed. Whether that course may in fact be fair in the particular case is of no moment; the legislature has the right to think it fair and enact legislation accordingly. Moreover, the legislature is under no obligations to permit individuals to buy the property of others at tax sales; it may limit all procedure of that kind to the municipality and to the single object of enforcing the collection of taxes. The time is not long past when lands could not be sold for taxes; then came the authority from the legislature to sell for a limited term of years; and, quite recently, to sell in fee. Since the power to sell is purely the creation of the legislature, it is subject to such terms as the legislature may impose, and every purchaser buys with notice of the law. The present sale was made in 1913 and the purchaser must be presumed to have known of the limitations of the act of 1912.

Let a peremptory *mandamus* issue upon payment of the amount due. The relator is entitled to costs.